| | | |
|---|---|---|
| IN RE: PERSONAL INJURY AND WRONGFUL DEATH ASBESTOS LITIGATION | * * * * | IN THE CIRCUIT COURT FOR BALTIMORE CITY |

\* \* \* \* \* \* \* \* \* \* \* \* \*

CHARLES WEBB, et al.,      \*    MARCH 2008 MESOTHELIOMA TRIAL GROUP

Plaintiffs      \*    Consolidated No.: 24X07000065

v.      \*    Lead Case No. 24X06000615

ACandS, INC., et al.,      \*

Defendants      \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

**Case Affected:**

    \*

Lenora Williams-Walker      Case No.: 24X06000271

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE TO TAKE DEPOSITION

To:    All Counsel of Record

You are hereby notified that the defendants will, in accordance with the Maryland Rules, take the deposition on oral examination of the following named person on the date and time indicated below, before a Notary Public, or any other duly qualified officer who may be selected to act in his or her place, to be continued from day to day until completed:

**Name**

Jerome S. Paige, Ph.D.
(Plaintiff Expert)

**Date/Time/Location**

Thursday, February 21, 2008
2:00 p.m.
Law Office of Peter G. Angelos

One Charles Center
100 N. Charles Street
Baltimore, MD 21201

Deponent is requested to bring with him the following documents to the deposition as listed on the attached Schedule A.

/s/ **David W. Allen**
David W. Allen
Michael A. Pichini
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
410-783-4000

Attorneys for Hampshire Industries, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of February, 2008, a true copy of the foregoing was served by electronic submission to LexisNexis File and Serve at https://fileandserve.lexisnexis.com, in accordance with ¶3(f-i) of the First Amended Case Management Order for the Electronic Filing of Pleadings, Papers and Documents in Asbestos Personal Injury Cases, filed by the Court on September 5, 2003. (Filing Id 2381545).

/s/ **David W. Allen**
David W. Allen

4823-7584-7938

## SCHEDULE A

1. Any and all documents received by you or your organization at any time from Plaintiffs' counsel in any way concerning Lenora Williams-Walker.

2. Any and all documents received by you or your organization at any time from Lenora Williams-Walker, any member of her family, or any representative thereof, in any way concerning Lenora Williams-Walker.

3. Any and all notes of any communications you or any member of your organization had at any time with any person, including Lenora Williams-Walker or any member of her family, concerning Lenora Williams-Walker.

4. Any and all drafts of any reports regarding economic losses incurred or projected to occur for Lenora Williams-Walker.

5. Any and all sources of information or statistics referenced by you or by any member of your organization in preparation of your report dated September 22, 2007, or any subsequent additional or supplemental report regarding economic losses incurred or projected to occur for Lenora Williams-Walker, whether or not said source is specifically referenced your report of September 22, 2007, or in any subsequent additional or supplemental report.

6. Each item listed in the section of your report dated September 22, 2007, entitled "Sources," and including but not limited to those portions of any such source to which you made specific reference for purposes of this case, as follows:

   (a) Gerald D. Martin, *Determining Economic Damages*, 1st Edition, 16th Revision, Santa Ana: James Publishing Group, 2006;

   (b) U.S. National Center for Health Statistics, Life Tables, 2003;

   (d) Social Security & Medicare Rates;

   (e) Social Security Administration, Itemized Statement of Earnings;

   (f) *2006 Annual Report of the Board of Trustees of the Federal Old-Age Survivors Insurance and Disability Insurance Trust Funds, Communication from the Board of Trustees of the Federal Old-Age Survivors Insurance Trust Funds*, Washington, D.C.;

   (g) Lierman, Walter K., Patton, Dewey T., and Nelson, David M. "Patton-Nelson Personal Consumption Tables Updated," *Journal of Forensic Economics* 4 (2), 2001, pp.233-240;

(i) Expectancy Date, *The Dollar Value of a Day: 2005-Dollar Valuation*: Shawnee Mission, Kansas, 2005;

(j) U.S. Department of Treasury, Bureau of the Public Debt, State and Local Government Securities Rates for September 22, 2007.

7. Each item listed as a source or in any bibliography of any subsequent additional or supplemental report regarding economic losses incurred or projected to occur for Lenora Williams-Walker.

8. Any calculations reflecting how the amounts reached in the "Summary of Economic Losses" were reached, copies of working papers, electronic files and spreadsheets, and the identity of the person performing any calculations and creating any spreadsheets and documents indicating when such calculations were performed and spreadsheets created.

9. Any records received from Plaintiff Williams-Walker's employer and any records of any investigation regarding history of that company, including the amounts of average wage increases during the last ten years.

10. Any tables that were to be included in your report regarding Lenora Williams-Walker, including Table 2, as discussed in the section of your report entitled "6 Present Value."

11. Any learned or peer-reviewed texts, treaties, articles, or materials that support your selection of discount rate used in calculating the claimed present value of Ms. Williams-Walker's economic loss.

12. Any documents supporting what benefits Ms. Williams-Walker will allegedly lose from Social Security, including but not limited to what benefits he is scheduled or estimated to receive.

13. Any and all sources for your assertions about how much time the "average female" will spend working around the house, as stated in the section of your report entitled "7 Household Services."

14. The CPI-W, as referred to on page 4 of your report in Section entitled "7 Household Services."

15. Any articles, texts, treatises, chapters or other peer-reviewed literature written by you and which address any issue considered or applied by you in preparing your estimate of Lenora Williams-Walker's economic loss.

16. Any records of any kind dealing with Lenora Williams-Walker's finances, including banking records, credit card records, records of asset purchases and sales; debt records; investment records; and records reflecting what amounts from her earnings Ms. Williams-Walker spent on herself.

17. All electronic files created by you as part of your work on this project.

18. All electronic files sent to you for your review by any source.

19. Hard copies of the source of any and all discount rates used in your report.

20. Any and all information and documents referencing the retirement age for Lenora Williams-Walker.

21. A current Curriculum Vitae.

22. A current listing of all publications and works in progress.

23. A listing of all cases in which the deponent has testified in depositions and trials in the preceding four (4) years, including date(s) and identify parties, attorneys, court and subject matter.

| | | |
|---|---|---|
| IN RE: PERSONAL INJURY AND WRONGFUL DEATH ASBESTOS LITIGATION | * * * * | IN THE CIRCUIT COURT FOR BALTIMORE CITY |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| CHARLES WEBB, et al., | * | MARCH 2008 MESOTHELIOMA TRIAL GROUP |
| Plaintiffs | * | Consolidated No.: 24X07000065 |
| v. | * | Lead Case No. 24X06000615 |
| ACandS, INC., et al., | * | |
| Defendants | * | |

* * * * * * * * * * * * *

**Case Affected:**

*

Lenora Williams-Walker        Case No.: 24X06000271

* * * * * * * * * * * * *

## NOTICE OF SERVICE

I HEREBY CERTIFY that on the 13th day of February, 2008, a copy of the Notice to Take Deposition of Jerome S. Paige, Ph.D. was electronically sent to all counsel of record.

/s/ **David W. Allen**
David W. Allen
Michael A. Pichini
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000

Attorneys for Hampshire Industries, Inc.